**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALJIT SINGH, | No. 13-71320 |
| Petitioner, | Agency No. A097-122-688 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Daljit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") denial of his motion to reopen removal

proceedings to reapply for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We review de novo claims of due process violations.  *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).  We deny the petition for review.

The BIA did not abuse its discretion when it denied Singh's motion to reopen as untimely because the motion was filed over four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate changed country conditions in India to qualify for an exception to the time limitations for a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii), *Najmabadi*, 597 F.3d at 991-92 (BIA did not abuse discretion where petitioner failed to introduce material evidence); *see also Cano-Merida v. INS*, 311 F.3d 960, 965-66 (9th Cir. 2002) (no abuse of discretion where motion to reopen did not establish prima facie eligibility for CAT relief).  We reject Singh's contention that the BIA failed to consider the new evidence he submitted.

Finally, we reject Singh's contention that the BIA violated his due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge); *Larita-Martinez*, 220 F.3d at 1095-96 (petitioners must overcome presumption that agency reviewed all evidence).

**PETITION FOR REVIEW DENIED.**

13-71320